UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA FINLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>GREAT AMERICAN INSURANCE, et al.,<br><br>    Defendants. | Case No. 15-04644-KAW<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

    Plaintiff, acting pro se, commenced the above-captioned case on October 7, 2015. (Compl., Dkt. No. 1.) She also filed an application to proceed in forma pauperis. (IFP App., Dkt. No. 3.) The Court granted Plaintiff's IFP application on October 20, 2015. (Order, Dkt. No. 6.) On January 25, 2016, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Pl.'s Consent, Dkt. No. 10.)

    In her complaint, Plaintiff asserts claims for breach of contract, negligence, and "warranty of merchantability." (Compl. ¶¶ 7-20.) Plaintiff alleges that this Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332. (*See id.* at 2.) That statute grants federal courts jurisdiction over actions where (1) the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and (2) the parties are completely diverse—i.e., citizens of different states. 28 U.S.C. § 1332.

    Based on the allegations in Plaintiff's complaint, it appears neither requirement is met here. First, Plaintiff makes no allegations regarding the amount in controversy. The only reference to any dollar amount in the complaint concerns a $50,000 bond, the amount of which falls below the jurisdictional threshold, and it is unclear how the bond relates to Plaintiff's claims for relief. (Compl. ¶ 8.) Second, the parties do not appear to be completely diverse. Plaintiff alleges that she

is a resident of Alameda County, that Great American Insurance Company is an individual doing business in Cincinnati, Ohio, and that Defendant Autostar is an individual doing business in San Mateo. To the extent Plaintiff wishes to sue Jahangir Mokhtari, the individual who appears to be doing business as Autostar, she has not sufficiently alleged facts establishing his citizenship for the purposes of diversity jurisdiction. *See Arellano v. Vogel*, No. C 10-4534, PJH 2010 WL 5148292, at *1 (N.D. Cal. Dec. 14, 2010) ("An individual's state of citizenship, by contrast, is determined by the state in which the individual is domiciled."). Nor has she done so with respect to any corporate entity she wishes to name as a defendant. *See, e.g.*, 28 U.S.C. § 1332(c)(1) (identifying bases for citizenship of corporations and insurers). The allegations in the complaint, therefore, fail to establish that there is complete diversity of citizenship between the parties to this action and that the amount in controversy requirement is satisfied. Accordingly, Plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction.

Plaintiff's complaint also includes allegations concerning a related state court proceeding in which default was entered against Autostar. (Compl. ¶ 7.) Autostar apparently moved to set aside the default, and Plaintiff "now files a federal complaint as [*sic*] due process violations, fraud upon the court and failure of the clerk of the court to file documents upon receipt of documents; making any judgment enter [*sic*] void." (*Id.*) To the extent Plaintiff's complaint purports to challenge the outcome of the state court proceedings, the *Rooker-Feldman* doctrine deprives the Court of jurisdiction in that instance. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003) ("Under *Rooker-Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court."). Subject matter jurisdiction, therefore, would not exist for this additional reason.

For the reasons set forth above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within 30 days of this order. So that Plaintiff is better able to remedy the deficiencies discussed above, the Court encourages Plaintiff to contact the Federal Pro Bono Project for free limited legal assistance. Plaintiff may schedule an appointment calling the appointment line at (415) 782-8982 or by signing up for an appointment in the appointment book located outside the San Francisco or Oakland Legal Help Center office.

Appointments are held Monday through Friday at various times throughout the day. Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation. If, after consulting with the Federal Pro Bono Project, Plaintiff believes she cannot file an amended complaint that complies with this order, she may file a voluntary dismissal instead of filing an amended complaint.

**IT IS SO ORDERED**.

Dated: 02/26/2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge