UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA FINLEY,<br><br>     Plaintiff,<br><br>     v.<br><br>GREAT AMERICAN INSURANCE, et al.,<br><br>     Defendants. | Case No.  15-04644-KAW<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, acting pro se, commenced the above-captioned case on October 7, 2015. (Compl., Dkt. No. 1.) She also filed an application to proceed in forma pauperis. (IFP App., Dkt. No. 3.) The Court granted Plaintiff's IFP application on October 20, 2015. (Order, Dkt. No. 6.) On January 25, 2016, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Pl.'s Consent, Dkt. No. 10.) On February 26, 2016, the Court dismissed Plaintiff's complaint with leave to amend because Plaintiff had failed to adequately allege facts sufficient to establish that this Court has subject matter jurisdiction over the case. (Order, Dkt. No. 11.) Plaintiff has now filed an amended complaint in which she asserts that federal question and diversity jurisdiction exist in this action. (Am. Compl. ¶ 2, Dkt. No. 12.)

Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13

1  (1983). Plaintiff's claims for negligence, breach of express warranty, breach of implied warranty,
2  and "deceptive practices" do not present a federal question.

3  Nor do the allegations in the complaint establish that diversity jurisdiction exists in this
4  action. A court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 where (1) the amount in
5  controversy exceeds the sum of $75,000, exclusive of interests and costs, and (2) the parties are
6  completely diverse—i.e., citizens of different states. 28 U.S.C. § 1332.

7  Based on the allegations in Plaintiff's amended complaint, Plaintiff has not established that
8  the parties are completely diverse. Plaintiff alleges that she is a resident of Alameda County, that
9  Autostar "was a used car lot during [*sic*] business in San Mateo, California," and that Great
10 American Insurance Company "was the bond Company . . . during [*sic*] business in Cincinnati,
11 Ohio[.]" As explained in the Court's prior order, to the extent Plaintiff wishes to sue Jahangir
12 Mokhtari, the individual who appears to be doing business as Autostar, she has not sufficiently
13 alleged facts establishing his citizenship for the purposes of diversity jurisdiction. *See Arellano v.*
14 *Vogel*, No. C 10-4534, PJH 2010 WL 5148292, at *1 (N.D. Cal. Dec. 14, 2010) ("An individual's
15 state of citizenship, by contrast, is determined by the state in which the individual is domiciled.").
16 Nor has she done so with respect to any corporate entity she wishes to name as a defendant. *See,*
17 *e.g.*, 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of both its state of incorporation and the
18 state in which its principal place of business is located); *Johnson v. Columbia Props. Anchorage,*
19 *LP*, 437 F.3d 894, 899 (9th Cir. 2006) (partnerships, LLCs and other unincorporated associations
20 are citizens of every state of which its owners/members are citizens).

21 While Plaintiff alleges that she is "uncertain as to the true names and status of
22 AUTOSTAR and, or whether, said defendant(s) are corporation, general partnerships, limited
23 partnerships, or otherwise," it is nonetheless her burden to establish that diversity jurisdiction
24 exists. *See, e.g.*, *Kats v. Lucile Salter Packard Children's Hosp. at Stanford*, No. C-95-1960-
25 VRW, 1995 WL 463668, at * 1 (N.D. Cal. July 17, 1995). Here, the allegations in the amended
26 complaint still fail to establish that there is complete diversity of citizenship between the parties to
27 this action. *See Moss v. Infinity Ins. Co.*, No. 15-cv-03456-JSC, 2015 WL 5360294, at *3 (N.D.
28 Cal. Sept. 14, 2015) (description of defendants as "businesses of 'unknown legal origin and form'"

2

were insufficient to establish diversity of the parties).

Plaintiff also fails to plead facts sufficient to establish that the amount in controversy requirement is met. "Generally, the amount in controversy is determined from the face of the pleadings." *Id.* at *2. While Plaintiff asserts that "the amount claimed exceeds $75,000.00[,]" she alleges that she sustained damages in the amount of $7200.00, and she prays for general damages in the amount of $13,200.00, an unspecified amount of exemplary or punitive damages, and an unspecified amount for loss of use of a vehicle. (Am. Compl. at 8.) The figures Plaintiff provides do not support her assertion that the amount in controversy exceeds $75,000.

Plaintiff's complaint also includes allegations concerning a related state court proceeding: "Autostar would not answer the complaint within a timely manner and plaintiff would take a judgment, however the clerk of the court would not enter the judgment. After several attempts to rectify the problem dismissed the claim and filed within the COURT OF RECORD of federal courts." (Compl. ¶ 11.) As the Court also explained in its prior order, to the extent Plaintiff's complaint purports to challenge the outcome of the state court proceedings, the *Rooker-Feldman* doctrine deprives the Court of jurisdiction in that instance. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003) ("Under *Rooker-Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court."). Subject matter jurisdiction, therefore, would not exist for this additional reason.

For the reasons set forth above, Plaintiff's amended complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within 30 days of this order. This will be Plaintiff's final opportunity to amend the complaint. So that Plaintiff is better able to remedy the deficiencies discussed above, the Court encourages Plaintiff to contact the Federal Pro Bono Project for free limited legal assistance. Plaintiff may schedule an appointment by calling the appointment line at (415) 782-8982 or by signing up for an appointment in the appointment book located outside the San Francisco or Oakland Legal Help Center office. Appointments are held Monday through Friday at various times throughout the day. Plaintiff can speak with an

///

///

attorney who will provide basic legal help, but not legal representation.

**IT IS SO ORDERED**.

Dated: 04/04/2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge